

Amy D. Brody

312.222.6344 telephone
312.222.6345 facsimile
abrody@rmmslegal.com

6 WEST HUBBARD STREET
SUITE 500
CHICAGO, IL 60654
www.rmmslegal.com

312-527-2157 main phone
312-527-4205 main fax

January 27, 2014

**VIA ELECTRONIC CASE FILING SYSTEM**

Hon. Sidney H. Stein
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007
Telephone:  (212) 805-0192

  Re: *In re Oxycontin Antitrust Litigation*, Case No. 04-md-1603-SHS (relating to Case No. 12-cv-2959-SHS (S.D.N.Y.))

Dear Judge Stein:

  This firm, along with Alston & Bird LLP, represent Defendants Mylan Pharmaceuticals Inc. and Mylan Inc. (collectively, "Mylan") in the above-referenced action.  We write in connection with Plaintiffs' Response to Order to Show Cause submitted on January 24, 2014 (No. 04-md-1063-SHS, ECF No. 638) ("Response") and the Court's letter Order of January 14, 2014 (No. 04-md-1063-SHS, ECF No. 636) (the "Noramco discovery Order"), in which it granted Mylan's request to extend the fact discovery deadline to complete discovery of third-party Noramco, Inc., in the above-referenced matters.

  In its Response, Plaintiffs do not (nor could they in Mylan's view) dispute that they are collaterally estopped from pursuing relief in the matter pending against Mylan (No. 12-cv-2959-SHS) based on the Court's invalidity ruling in the related *Purdue Pharma L.P. et al. v. Teva Pharmaceuticals, USA, Inc.* matter.  As such, Mylan respectfully requests that the Court immediately enter final judgment on collateral estoppel grounds in favor of Mylan in that matter.

  Assuming entry of such judgment, it is Mylan's position that any need for additional discovery of third-party Noramco, Inc. as permitted by the Court in its Noramco discovery Order is no longer necessary at this time.  However, if judgment is not immediately entered or if for any reason the District Court

Hon. Sidney H. Stein
January 27, 2014
Page 2

proceedings against Mylan are not fully resolved, including in view of any remand, Mylan may require further discovery from Noramco. As such, Mylan does not oppose Purdue's request to vacate the Noramco discovery Order pending resolution of any appeal (*see* Response at 1), assuming judgment is entered as to Mylan and such vacatur is without prejudice to Mylan's ability to further pursue such discovery if the District Court proceedings against Mylan resume for any reason.

    We thank the Court for its consideration in this matter. If the Court has any questions, we would be pleased to respond at the Court's convenience.

Very truly yours,

RAKOCZY MOLINO MAZZOCHI SIWIK LLP

    *s/ Amy D. Brody*

Amy D. Brody

cc: All counsel of record (via E-mail)